# United States District Court
# Northern District of Indiana

| | |
|---|---|
| NEAL MINNICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:08-CV-413 JVB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Neal Minnick, a *pro se* prisoner, filed this habeas corpus petition challenging his 30 day loss of earned credit time.[1] In WCC 08-04-0499, the Disciplinary Hearing Board ("DHB") found Minnick guilty of use or possession of more than one cigarette in violation of 245. The conduct report attached to the petition states that on April 22, 2008, Minnick reported to Sgt. Barkow that tobacco found on another inmate was his, and that it had been thrown out of a dormitory window in a package marked with Minnick's initials. (DE 1.) The report further states that Lt. Burkett was present when Minnick made this statement.

Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact

---

[1] Though Minnick also lost telephone privileges, habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because the loss of telephone privileges did not extend his sentence, he was not entitled to due process before that restriction was imposed. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995); *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." *Id.* This rule provides district courts with a gate-keeping responsibility to sift through habeas corpus petitions and dismiss those that clearly lack merit.

Here, Minnick raises three claims in his petition. First, he asserts that he was not brought before the DHB within seven days as required by DOC policy. Second, he asserts that the conduct report was inaccurate because he lives on "3dorm" and not "10dorm" as stated in the report. Relief in this habeas corpus proceeding is only available for a violation of the federal Constitution or laws, and violations of internal prison policies or other state laws do not state a claim for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997). Therefore, Minnick's first two claims provide no basis for granting federal habeas relief.

Third, Minnick asserts that there was insufficient evidence to support the DHB's decision because the tobacco was "not found on said offender." In reviewing a DHB's decision, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record

that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, the report of disciplinary hearing attached to the petition states that the DHB found Minnick guilty based on the conduct report and the testimony of Lt. Burkett, who was present when Minnick told Sgt. Barkow that the tobacco was his. The testimony of a reporting official constitutes some evidence of guilt, and it is not the province of this Court to reweigh the evidence or make its own determination of the relative credibility of the witnesses. *McPherson*, 188 F.3d at 786. Because there is some evidence to support the DHB's determination, there is no basis for granting habeas relief.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

**SO ORDERED** on October 27, 2009.

Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United State District Judge  
Hammond Division